**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

QVC, INC.                                    :
                                             :
       Plaintiff,                      :
                                             :
  vs.                                    :    Civil Action No.
                                             :
SHOP AT HOME, INC.,                          :
                                             :
       Defendant.                      :
                                             :

## COMPLAINT

1.     This is a civil action for trademark infringement, trade dress infringement, false designation of origin and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* and the common law of the Commonwealth of Pennsylvania.

## PARTIES

2.     Plaintiff, QVC, INC., is a Delaware corporation, having a principal place of business located at Studio Park, West Chester, PA 19380.

3.     On information and belief, Defendant, SHOP AT HOME, INC., is a corporation organized and existing under the laws of the State of Tennessee, having a principal place of business at 5388 Hickory Hallow Parkway, Antioch, TN 37013, and is doing business and the complained of acts in this judicial district.

## JURISDICTION

4.     This Court has jurisdiction over this Action under 28

U.S.C. § 1332, because Plaintiff is incorporated under the laws of the State of Delaware and has its principal place of business in the Commonwealth of Pennsylvania; on information and belief, Defendant is incorporated under the laws of and has its principal place of business in the State of Tennessee; and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

5.    This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*

6.    This Court has jurisdiction over the common law claims herein under 28 U.S.C. § 1338(b), because those claims are joined with a substantial and related claim under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq.

## BACKGROUND

7.    Plaintiff has been, and now is, extensively engaged in the business of providing in interstate commerce electronic retail shopping services, and since at least as early as 1994, has provided such services under the mark TODAY'S SPECIAL VALUE and the design mark TODAY'S SPECIAL VALUE.

8.    Plaintiff is the prior user and owner of the mark TODAY'S SPECIAL VALUE.  On March 21, 2000, the United States Patent and Trademark Office granted federal trademark registration to

-2-

Plaintiff for the mark TODAY'S SPECIAL VALUE for providing home shopping services in the field of general merchandise by means of television as Certificate of Registration No. 2,330,450. Attached hereto and incorporated herein as Exhibit 1 is a copy of Certificate of Registration No. 2,330,450.

9.    The above Certificate of Registration and the mark covered thereby is valid and in full force and effect. Plaintiff has all right, title and interest in and to Certificate of Registration No. 2,330,450, and the mark covered thereby, to bring this suit.

10.    In addition, Plaintiff is prior user and owner of the design mark TODAY'S SPECIAL VALUE, a copy of which is shown in Exhibit 2. Continuously since at least as early as 1994, Plaintiff has used the design mark TODAY'S SPECIAL VALUE to identify its electronic home shopping services and to distinguish them from those provided by others, by, among other things, prominently displaying the design mark TODAY'S SPECIAL VALUE in connection which said services.

11.    Continuously, since at least as early as 1994, Plaintiff has established a substantial market for its electronic home shopping services offered and marketed under the TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark, through its QVC television network, its online interactive.shopping site, QVC.COM, its mail order catalogs and retail stores. Plaintiff's TODAY'S

-3-

SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark are always shown in association with the services provided by it, which have been widely advertised and extensively offered under these marks. As a result of the Plaintiff's extensive exposure through its broadcasting, advertising, promotion and sale of the services in association with these marks, Plaintiff's TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark have developed and now have a secondary and distinctive trademark meaning to consumers. The Plaintiff's TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark have come to indicate to said consumers, a meaning of electronic home shopping services originating only with Plaintiff.

12. As a result of Plaintiff's exclusive, continuous and substantial use, and its continuous, extensive sales and advertising, Plaintiff's TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark have come to represent an invaluable symbol of the goodwill of Plaintiff's business, and are recognized by consumers as identifying goods and services which have their source, origin or sponsorship with Plaintiff, and as distinguishing such goods and services from the goods and services of others.

13. In addition, continuously since long prior to the acts of Defendant alleged herein, Plaintiff has adopted and used a distinctive combination and arrangement of graphical screen elements (hereinafter "Trade Dress") for its screen displays, to

-4-

identify Plaintiff's goods and services and to distinguish them from those made and offered by others, by among other things, prominently and always displaying its Trade Dress during its broadcasts on the QVC television network, as shown in Exhibit 3.

14. Plaintiff's Trade Dress is not functional and is inherently distinctive.

15. Said goods and services have been widely distributed and offered under Plaintiff's Trade Dress throughout the United States, and this Trade Dress has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality goods and services, and its good will.

### DEFENDANT'S UNLAWFUL CONDUCT

16. Notwithstanding Plaintiff's well known, prior common law rights in the TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark and prior statutory rights in the TODAY'S SPECIAL VALUE mark, Defendant, with at least constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072, and long after Plaintiff established its rights in the TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark, has adopted and used the designation TODAY'S BEST VALUE, in this judicial district and in interstate commerce, for its electronic retail shopping services. Attached as Exhibit 4 is a copy of Defendant's use of the infringing TODAY'S BEST VALUE designation.

-5-

17.   In addition, Defendant has sought to capitalize on the goodwill engendered by Plaintiff's Trade Dress by adopting and using screen display graphics, substantially and confusingly similar to Plaintiff's Trade Dress, (hereinafter "graphics" or "Defendant's graphics"), in connection with Defendant's electronic retail shopping services.   Attached as Exhibit 5 is a copy of a screen display of Defendant's television broadcast showing Defendant's use of said graphics.

18.   Defendant's use of the TODAY'S BEST VALUE designation is an infringement of Plaintiff's TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark.   In addition, Defendant's use of its graphics is an infringement of Plaintiff's Trade Dress.

19.   Defendant's use of the TODAY'S BEST VALUE designation and Defendant's use of its infringing graphics are likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

20.   On information and belief, Defendant has long known of Plaintiff's goods and services and the fact that the public associates Plaintiff's TODAY'S SPECIAL VALUE mark, TODAY'S SPECIAL VALUE design mark and Trade Dress with the goods and services of Plaintiff, and Defendant has sought to capitalize on Plaintiff's goodwill by adopting and using the TODAY'S BEST VALUE designation

-6-

and by copying the distinctiveness of Plaintiff's Trade Dress.

21. Upon information and belief, Defendant has performed the complained of acts willfully, and with the knowledge of the infringement and unfair competition they would cause, and to appropriate and unfairly trade upon the Plaintiff's goodwill.

22. By reason of Defendant's acts alleged herein, Plaintiff has and will suffer damage to its business, reputation and goodwill, and Defendant has and will enjoy profits to which it is otherwise not entitled, for which Plaintiff is entitled to relief at law.

23. Unless restrained and enjoined, Defendant will continue to do the complained of acts, all to Plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff's remedy at law is not adequate to compensate Plaintiff for injuries threatened.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

24. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 23, as if fully set forth herein.

25. Defendant's use of the TODAY'S BEST VALUE designation is likely to cause confusion, deception or mistake, all to the damage of Plaintiff, and is an infringement of Plaintiff's federally registered TODAY'S SPECIAL VALUE mark in violation of 15 U.S.C.

§1114(1), §32(1) of the Trademark Act of 1946, as amended.

## COUNT II
### TRADE DRESS INFRINGEMENT

26.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 25, as if fully set forth herein.

27.  Defendant's use of its graphics is an infringement of Plaintiff's Trade Dress, in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).  Plaintiff's Trade Dress is nonfunctional, inherently distinctive and has become associated with and identifies Plaintiff.  Defendant's use of its graphics in connection with its electronic retail shopping services is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship or approval of such services by Plaintiff.

## COUNT III
### FALSE DESIGNATION OF ORIGIN

28.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 27, as if fully set forth herein.

29.  Plaintiff's TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark have become uniquely associated with and thus identify only Plaintiff.  Defendant's use of the TODAY'S BEST VALUE designation is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff

-8-

and as to the origin, sponsorship or approval of Defendant's goods and services by Plaintiff.

30.    The aforesaid acts are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a), in that Defendant has used a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's commercial activities by Plaintiff.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

31.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

32.    Defendant's use of the TODAY'S BEST VALUE designation constitutes trademark infringement of Plaintiff's TODAY'S SPECIAL VALUE mark and TODAY'S SPECIAL VALUE design mark, and causes likelihood of confusion, deception and mistake, and causes the purchasing public and the trade to think that Defendant's commercial activities are in some way sponsored, connected, owned or otherwise associated with Plaintiff, in violation of the common law of Pennsylvania.

### COUNT V
### COMMON LAW UNFAIR COMPETITION

33.    Plaintiff repeats and realleges each of the allegations

-9-

contained in paragraphs 1 through 32, as if fully set forth herein.

34. By virtue of Defendant's acts, hereinabove pleaded, Defendant has engaged in conduct which is contrary to honest, industrial and commercial practices and falls below the minimum standard of fair dealing, and constitutes unfair competition, in violation of the common law of Pennsylvania.

35. Defendant's use of the TODAY'S BEST VALUE designation and Defendant's use of its infringing graphics are calculated to confuse and deceive consumers and to cause consumers to believe that Defendant's commercial activities are connected with, or sponsored by Plaintiff.

36. Defendant's complained of acts are being committed with the intent, purpose and effect of procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff at substantial effort and expense, and represented by the distinctiveness of Plaintiff's TODAY'S SPECIAL VALUE mark, TODAY'S SPECIAL VALUE design mark and Trade Dress.

37. By copying the distinctiveness of Plaintiff's TODAY'S SPECIAL VALUE mark, TODAY'S SPECIAL VALUE design mark and Trade Dress, the public and consumers will be deceived as to the source and sponsorship of Defendant's goods and services and Defendant will obtain business it could not otherwise obtain fairly on the open market.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, QVC, INC., prays for relief against Defendant, SHOP AT HOME, INC., as follows:

1.  that Defendant, its officers, agents, servants, employees, and all persons and/or entities in active concert or participation with it, be immediately and preliminarily and thereafter permanently enjoined and restrained from:

a.  Using the TODAY'S SPECIAL VALUE mark, the TODAY'S SPECIAL VALUE design mark or any confusingly similar designation – including without limitation, TODAY'S BEST VALUE – alone or in combination with other terms or symbols, as a trademark, trade name component or otherwise, as a domain name component, directory name, or other such computer addresses, and/or to market, advertise or identify Defendant's goods and services;

b.  Using graphics, in connection with its electronic retail shopping services, similar to Plaintiff's Trade Dress;

c.  Otherwise infringing Plaintiff's TODAY'S SPECIAL VALUE mark, Plaintiff's TODAY'S SPECIAL VALUE design mark and/or Plaintiff's Trade Dress; and

d.  Unfairly competing with Plaintiff in any manner whatsoever.

2.  that Defendant be required to deliver up and destroy all signs, labels, packages, literature, advertising, devices, computer hardware and software, servers and any other materials, in the

-11-

possession and/or control of Defendant, bearing the infringing designation TODAY'S BEST VALUE and/or Defendant's graphics, and all plates, molds, matrices and/or other means for making the same.

3.    that Defendant be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of Judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Judgment and Order.

4.    that Defendant be required to account for and pay over to Plaintiff all damages sustained by Plaintiff by reason of its unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

5.    that Defendant be required to account for and pay over to Plaintiff all profits realized by Defendant by reason of its unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

6.    that Defendant be required to pay Plaintiff punitive damages as may be permitted by law or in the discretion of this Court.

7.    that Plaintiff have and recover its reasonable attorneys' fees incurred in this litigation.

8.    that Plaintiff have and recover its taxable costs and disbursements herein.

9.    that Plaintiff have such other and further relief as the

Court may deem just and appropriate.

Respectfully submitted,

**CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.**

May 30, 2002                        By

Manny D. Pokotilow  (ID# 13310)
Salvatore Guerriero (ID# 83680)
Seven Penn Center - 12th Floor
1635 Market Street
Philadelphia, PA  19103-2212
(215) 567-2010

*Attorneys for Plaintiff,
QVC, Inc.*

-13-

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

**Reg. No. 2,330,450**

Registered Mar. 21, 2000

### SERVICE MARK
### PRINCIPAL REGISTER

## TODAY'S SPECIAL VALUE

QVC, INC. (DELAWARE CORPORATION)
1365 ENTERPRISE DRIVE
WEST CHESTER, PA 19380

    FOR: HOME SHOPPING SERVICES IN THE FIELD OF GENERAL MERCHANDISE BY MEANS OF TELEVISION, IN CLASS 42 (U.S. CLS. 100 AND 101).

    FIRST USE 2-11-1994; IN COMMERCE 2-11-1994.
    SEC. 2(F).

    SER. NO. 74-557,924, FILED 8-5-1994.

DIANE B. MELNICK, EXAMINING ATTORNEY



EXHIBIT
tabbies



EXHIBIT

2

 **Quality Value Convenience**

**Program Guide| Customer Service| Shopping Cart| My QVC| Corporate| Job Openings**

 Search
→ More Search Options

  Item On Air    24-hour Product Review

Beauty    Books, Movies & Music    Collectibles    Cooking & Dining    Electronics    Fashion
Health & Fitness    Hobbies & Toys    House & Home    Jewelry    Sports    Clearance    Gifts

 **Meet The Hosts** ● **Program Guide**     **Site Map**

**Highlights:**          **In the Spotlight:**        **What's Hot:**

# Weekly Value

**Picture this...the quality and convenience of the Toshiba 3.34 MegaPixel Digital Camera with 3X/2X Zoom, for only $399.96!**

**Available in 2 EASY PAYS of $199.98**




**SOLD OUT LAST TIME!**
**14 Karat Gold Two-tone Cross**


**Beautiful Topaz is December's Birthstone**

## This Week's Features:

 **SAMSUNG** **Slimline DVD Player, $139.96**
**QVC's Lowest Priced DVD Player!**

 **Waterford Glass Ornaments**
**Handcrafted holiday treasures**

 **Lissi Dolls make wonderful gifts**
**Many at LOW Introductory Prices**

 **We've got Video Games!**
**More than 400 exciting titles**

 **JVC S-VHS Camcorder, $379.96**
**With BONUS Case and Tapes**

**Fall Sale Extravaganza on ArtSelect.com**

 **Diamondbacks World Champions Tee, $19.99**

 **Celebrate QVC's 15th Birthday**
**with a week of surprises for YOU!**

  **Stan Herman's Cozy Sleepwear**
**Each less than $55.00**

 **Uniden 2.4GHz Cordless Phone**
**with BONUS Headset,**
**EASY PAY!**

 **QVC Exclusive Fenton Art Glass**
**Limited Edition Patriotic Vase**

 **Jewelry of Faith**
**Inspirational rings, charms, and more**

## Get Q'd In:

 **Shipping Information**     **Bulletin Board**

 **Sign Up for Valuable**     **Apply for a QCard today!**



EXHIBIT

3



EXHIBIT

4



**ShopAtHome** NETWORK

home   on TV   program guide   careers   corporate   help

Toll Free
1-866-366-4010

**shopathometv.com**

my member services | order tracking

| SPORTS MEMORABILIA | JEWELRY & GEMSTONES | KNIVES & SWORDS | COIN VAULT | ELECTRONICS & COMPUTERS | HEALTH, BEAUTY & FITNESS | ENTERTAINMENT & COLLECTIBLES | HOME & APPAREL | SALE! |

**SEARCH** keyword or item#

[GO]

advanced search

**SHOW ME ...**

a larger image

**I WANT TO ...**

see similar items
email this to a friend
add this to my cart
checkout now!

**LIVE PERSON HELP**

Customer Service
Chat Now!
9am-6pm EST M-F

: home : health, beauty & fitness : fitness : 10010556



**Pro-Form CX5i Treadmill**
item# 10010556
price: $589.96

today's best value: $469.96 ea
s&h: $49.99



 60% OFF shipping
for web orders
discount displayed at checkout

qty: 1

 >>ADD

Too hot to exercise? Not anymore! Keep your exercise regimen on track this summer with the Pro-Form CX5i Treadmill! It features a moveable fitness fan sure to keep you cool when you're working up a sweat!

The Prof-Form CX5i Treadmill boast the following features:
- Competitor Control Panel: three LCD windows provide immediate feedback of speed, distance, time, pulse, calories and fat burned.
- LCD 1/4 mile Track: to mark your progress
- Target Thumb Pulse Sensors: allows you to track and maintain your target heart rate
- 2.25 Horsepower Engine
- 0-10 mph Speed Control
- 1.5%-10% Power Incline
- Protech Cushioned Deck: to absorb the impact of each stride, cutting down on the stress on your joints
- 18x50" Non-Slip Treadbelt
- Magazine Rack and Cup Holder
- Space Saver Design: allows you to fold up and roll away
- Measurements: Length 72", width 36", height 30"
- Weight of product: 160 pounds
- Maximum weight: 250 pounds
- Assembly time: 30 -45 minutes (tools required, Allen wrench and Phillips head screwdriver)
- 90-day Manufacturer's Limited Warranty
- Available on 3x Stretch Pay!

**SHOPPING CART** 🛒

review cart      checkout



Heart Talker Heart Rate Monitor
price: $19.99 ea

ITEM#10010525 >>ADD



Ab-Doer Pro Pack
price: $99.98 ea

ITEM#10010495 >>ADD



Bollinger Trisometric Rings
price: $12.99 ea

ITEM#10010486 >>ADD



EXHIBIT
5



# UNITED STATES DISTRICT COURT

**APPENDIX A**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: QVC, Inc., Studio Park, West Chester, PA 19380

Address of Defendant: Shop at Home, Inc., 5388 Hickory Hallow Parkway, Antioch, TN 37013

Place of Accident, Incident or Transaction: E.D. PA and Elsewhere

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases    Lanham Act 15 USC §§ 1051 et seq
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Manny D. Pokotilow _____, counsel of record do hereby certify:

☒☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: May 30, 2002 _____    _____    13310
                                     Attorney-at-Law       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 30, 2002 _____    _____    13310
                                     Attorney-at-Law       Attorney I.D.#

CIV. 609 (9/99)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** QVC, Inc.

**DEFENDANTS** Shop at Home, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Davidson County, TN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

15 USC §§ 1051 et seq Tradmark Infringement, Trade Dress Infringement, Unfair Competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** See Prayer for Relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE                   DOCKET NUMBER

DATE 5/30/02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**    **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| QVC, INC. | : | CIVIL ACTION |
| v. | : | |
| SHOP AT HOME, INC. | : | |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)    Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (XX)

(f)    Standard Management -- Cases that do not fall into any one of the other tracks.    ( )

May 30, 2002
**Date**

_Manny D. Pokotilow_
**Attorney-at-law**

Manny D. Pokotilow
**Attorney for** Plaintiff QVC, Inc.

(Civ. 660) 7/95